(7 Misc. Rep. 240.)

CHATZKELSON v. STATE OF CALIFORNIA STEAMSHIP CO., Limited.

(City Court of New York, General Term. February 8, 1894.)

EVIDENCE—SUFFICIENCY.

In an action for loss of baggage, the complaint should be dismissed where there was no evidence that the person from whom plaintiff bought her passage ticket was defendant's agent, except the testimony of plaintiff's child, who was at the time only 11 years old.

Appeal from trial term.

Action by Rachel Chatzkelson against the State of California Steamship Company, Limited, to recover the value of plaintiff's baggage, alleged to have been lost in transit. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS and VAN WYCK, JJ.

Seward, Guthrie & Morawetz, for appellant.
Mashbir & Cukor, for respondent.

FITZSIMONS, J. . The plaintiff claimed that she took passage from Hamburg to New York by means of transit furnished by defendant, and that she purchased the passage ticket from one Mendel, who she said was the defendant's agent in Hamburg, and that her baggage was lost by defendant. The jury rendered a verdict in her favor for $300.

The defendant moved, at the close of the case, to dismiss the complaint, on the ground that the plaintiff failed to show that the defendant made any contract with her for passage from Hamburg, which motion was denied. In denying the motion to dismiss the complaint upon the ground just stated, the learned trial justice erred, because there is no testimony in the case (except the mere say so of plaintiff's child, who, at the time of the taking of said passage, was only 11 years of age) which establishes that Mendel was the agent of the defendant in Hamburg, or that he acted for it in any capacity, or that any of his acts were ratified by defendant. Nor is there any testimony proving that any ship, railroad, or other means of transit used by the defendant on her passage from Hamburg to New York was owned or controlled, or managed or operated, by defendant. Under these circumstances, no cause of action was established against the defendant, and the complaint should have been dismissed.

Judgment is reversed; a new trial ordered, with costs to appellant to abide the event of action. All concur.